## In re SCHIERHOLTZ.

### Patent Appeal No. 2562.

Court of Customs and Patent Appeals.

Dec. 1, 1930.

Andrew H. Neureuther, of Peru, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the Patent Office affirming the decision of the Examiner in rejecting the claim for a design for a clock case. The claim reads as follows: "The ornamental design for a clock case as shown."

The claim was rejected for lack of design invention. The references cited are: McGraw, design 37587, October 24, 1905; Sears, Roebuck & Co., 1925, page 432, item 5V8568; Sears, Roebuck & Co., 1920, page 729, item 5D8513.

In the Examiner's statement in the record is found the following: "It is believed that the references closely anticipate applicant's design, which appears to consist of

nothing more than a conventional type of alarm clock mounted on a conventionalized base. The design contains no surface ornamentation, therefore, contour alone can be considered when compared with the references. The McGraw design and both of the catalogue references show clocks of the drum effect type. The McGraw design and the last of the catalog references also show mounting bases very similar to that of the present design, the differences such as the substituting of an extra strip of molding for the ball shaped feet of the McGraw design being merely details and not of a substantial nature that would amount to invention. Furthermore, both catalog references show dials almost identical to the one shown in the present case."

We have carefully examined appellant's design and the designs shown in the references, and we agree with the tribunals of the Patent Office that no exercise of the inventive faculty was required to modify the designs there shown to produce the design claimed by appellant.

For a design to be patentable, it is not enough that it be new, original, and ornamental, but it must also be the result of the exercise of the inventive faculty. In re Walter (Cust. & Pat. App.) 39 F.(2d) 724.

In the case at bar, the design is so nearly like that of the reference Sears, Roebuck & Co., catalogue 1920, page 729, item 5D8513, as to preclude holding that appellant's design constitutes invention.

There is found in the record an affidavit of one Wm. H. Darlington, disclosing commercial success of appellant's design, and appellant urges that this is evidence of patentability. The rule is well established that commercial success is persuasive of invention in doubtful cases, but apparently the tribunals of the Patent Office do not consider this to be a doubtful case, nor do we.

The decision of the Board of Appeals is affirmed.

Affirmed.